## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CHARLES HOBERMAN and
HOBERMAN DESIGNS, INC.,**

**Plaintiffs,**

v.

**QUILL CORPORATION d/b/a
SMILEMAKERS,**

**Defendant.**

**Case No.:**

FILED
IN CLERKS OFFICE

2012 APR 13  P 4: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

### COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADEMARK AND
### TRADE DRESS INFRINGEMENT, AND UNFAIR COMPETITION

1.     Plaintiffs Charles Hoberman ("Hoberman") and Hoberman Designs, Inc. ("HDI")

(collectively "Plaintiffs"), complaining of Defendant Quill Corporation, d/b/a SmileMakers

("SmileMakers"), allege as follows:

### NATURE OF ACTION

2.     This is an action for infringement of  Plaintiffs' copyright, trademark and trade

dress rights in Plaintiffs' popular FLIGHT RING toy, and related sculptures, by the Defendant,

who distributes and sells pirated Chinese-made knock offs of the FLIGHT RING toy, including

through Defendant's website at *www.smilemakers.com*. As a direct consequence of the

Defendant's wrongful conduct, consumers are likely to be confused and Plaintiffs have been and

will be irreparably injured.  Accordingly, Plaintiffs bring this action for copyright infringement,

trademark infringement and trade dress infringement.  Plaintiffs seek injunctive relief, treble

damages or statutory damages, and their attorney's fees and costs.

## JURISDICTION AND VENUE

3.      This Court has federal question  jurisdiction over the claims in this action, which relate to copyright infringement, trademark and trade dress infringement, pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367(a).

4.      This Court has personal jurisdiction over the Defendant because Defendant has sold, marketed and offered for sale in the Commonwealth of Massachusetts the products that are the subject of this action, including through its website at *www.smilemakers.com*, and because Defendant is a subsidiary of a Massachusetts corporation.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and § 1400 (a) because Defendant is subject to personal jurisdiction in the Commonwealth of Massachusetts and/or the wrongful acts committed by Defendant occurred in and are causing injury in the Commonwealth of Massachusetts.  Specifically, Defendant is marketing and selling the products that are the subject of this action in this judicial district.

## THE PARTIES

6.      Plaintiff Charles Hoberman is an individual residing in New York, New York.

7.      Plaintiff Hoberman Designs, Inc. is a New York corporation having its principal place of business at 472 Greenwich Street, 7th Floor, New York, New York 10013.

8.      Upon information and belief, Defendant Quill Corporation is a Delaware corporation, doing business under the name SmileMakers.  Upon information and belief, the principal place of business and/or distribution center for SmileMakers is located at 435 Sha Lane, Spartanburg, South Carolina, 29307.

2

## FACTS

### The Plaintiffs and Plaintiffs' FLIGHT RING toy

9.      Plaintiff Charles Hoberman is a leading inventor and designer of transformative and innovative structures and sculptures.

10.     Through his transformative inventions and sculptures, Hoberman demonstrates how objects can be foldable, retractable, or shape-shifting.

11.     Hoberman's commissioned works include: a retractable dome for the 2002 World's Fair in Hanover, Germany; the Expanding Hypar at the California Museum of Science and Industry; the Expanding Sphere at the Liberty Science Center in Jersey City, New Jersey; the Expanding Geodesic Dome at the Centre Georges Pompidou in Paris; a transforming LED screen used as a primary stage element for the band U2's 360° world tour; and the "Hoberman Arch" which was installed the centerpiece for the Salt Lake City 2002 Winter Olympic Games.

12.     Plaintiff Hoberman Designs, Inc. ("HDI"), under license from Hoberman, commercializes and sells Hoberman's creative and innovative works as toys, games and gifts.

13.     The Hoberman toy line was created in 1995 to activate the imagination and inspire the minds of adults and children. Hoberman toys are synonymous with smart play and have become popular and well-known throughout the United States and the world. The Hoberman Sphere, for example, combines features of art, architecture and technology. The Hoberman Sphere is made of small plastic rods that fold together into a spikey ball and then can expand to three times its size. Children are mesmerized by watching the sphere expand and contract. The Hoberman Sphere received numerous awards, including the Parent's Choice Gold Award in 1998.

14.     HDI's current line of toys, games and gifts includes a variety of toys and puzzles, each of which transform in shape or function in a unique and creative way using Hoberman's proprietary designs.

15.     In or around 1996, Charles Hoberman created an original work of authorship in the form of a sculpture titled the "Hoberman Flight Ring."  The United States Copyright Office issued Plaintiff Charles Hoberman Copyright Registration Number VA 1-024-051 on May 31, 2000 for the Flight Ring sculpture.  A copy of Hoberman's Copyright Registration Certificate and the deposit submitted to the Copyright Office are attached as Exhibit A.

16.     One of HDI's unique transforming toys, and the subject of this present action, is the FLIGHT RING toy, which commercializes the copyrighted Hoberman Flight Ring sculpture. The FLIGHT RING toy is an expanding disc made up of interlocking pieces that allow the disc to expand and contract easily, going from 4 3/4 inches in a contracted state to 10 inches when fully expanded.  When the disc is expanded fully, it snaps flat for aerodynamic performance; when contracted, the sculpture is compact and easily stored.

17.     The FLIGHT RING toy is sold and marketed by HDI under the FLIGHT RING trademark and the stylized FLIGHT RING  mark shown below:



18.     The FLIGHT RING toy itself bears distinctive coloring and trade dress, including a distinctive alternating color scheme of blue and purple for the top interlocking pieces of the disc and orange and yellow for the bottom pieces of the disc, use of a distinctive spiral appearing

in the center of the disc and use of the stylized FLIGHT RING mark on the face of the disc.

Photographs showing HDI's FLIGHT RING toy are attached as Exhibit B.

19.    HDI markets and sells its FLIGHT RING toy in unique and distinctive packaging

which includes, among other elements:

- use of the stylized FLIGHT RING trademark

- a distinctive package background featuring shapes in an alternating color scheme that mimic the shapes of the interlocking pieces of the toys;

- photographs of the FLIGHT RING toy in its various configurations;

- the phrases "Unfold me now!" "Snap flat and fly!"and "Magically Unfolds from 4 3/4" to 10"" appearing on the front of the package box;

Photographs showing the FLIGHT RING toy packaging are attached as Exhibit C.

20.    The FLIGHT RING toy was a winner of the prestigious Oppenheim Best Toy

Gold Award in 2000.

21.    HDI expends substantial resources to market and promote the FLIGHT RING toy.

22.    In addition to its own marketing and promotion, HDI's toys and games are

marketed and sold by authorized retailers and distributors.

23.    HDI and its agents attend dozens of trade shows a year, including all major

industry trade shows, to market and promote HDI's toys, including the FLIGHT RING toy.

24.    Due to the popularity and creativity of the FLIGHT RING toy and other HDI toys

and games, HDI has experienced a significant problem with inferior and unauthorized knockoffs

of its toys being distributed and sold in the United States and abroad.

25.    Indeed, HDI has received countless customer complaints evidencing actual

confusion caused by inferior and unauthorized knockoffs of HDI toys sold to unsuspecting

consumers.

5

26.     To combat the problem, HDI has expended significant resources in efforts to enforce its intellectual property rights, in particular against inferior knockoff toys manufactured in China and distributed and offered for sale in the United States at prices significantly lower than the prices for authentic HDI products.

## SmileMakers and its Infringing FLIGHT RING Toy

27.     Upon information and belief, SmileMakers is a seller of a variety of toys and promotional items.

28.     Upon information and belief, SmileMakers sells many of its products wholesale to businesses such as dental and medical offices and educational institutions.

29.     SmileMakers sells its products through its website at *www.smilemakers.com*.

30.     HDI has recently discovered that SmileMakers is selling blatant Chinese knockoffs of HDI toys through its website at *www.smilemakers.com*, which is accessible throughout the United States, including in Massachusetts. A printout of the page from SmileMakers' offering its infringing products for sale is attached as Exhibit D.

31.     Specifically, SmileMakers sells, distributes and/or offers for sale pirated knockoffs of HDI's authentic FLIGHT RING toys in packaging that is nearly identical and substantially similar to HDI's FLIGHT RING trade dress, including use of the FLIGHT RING Marks (the "Infringing Toys"). SmileMakers' Infringing Toys also are unauthorized copies of the copyrighted FLIGHT RING sculpture. Photographs showing the Infringing Toys packaging are attached as Exhibit E and photographs showing the Infringing Toys themselves are attached as Exhibit F.

32.     SmileMakers' Infringing Toys are offered for sale at a price of $18.99 for twelve toys and include a label on the package indicating that the Infringing Toy is sold/distributed by Defendant. See Exhibits D and E.

33.     Indeed, the similarities between HDI's authentic FLIGHT RING toy and the copyrighted work, on the one hand, and SmileMakers' Infringing Toys, on the other, are numerous and hardly coincidental.  Side by side comparisons are shown below:



| Hoberman's Authentic FLIGHT RING Toy | SmileMakers' Infringing Toy |
|---|---|

| Hoberman's Authentic FLIGHT RING Toy | SmileMakers' Infringing Toy |
|---|---|
|  | |

34.    As shown above, SmileMakers' Infringing Toys copy the shape of the copyrighted sculpture of the authentic FLIGHT RING toy, in both the open and closed state.

35.    The Infringing Toys copy the exact color combinations used in HDI's authentic FLIGHT RING toy.  See Exhibits B and F.

36.    Moreover, Defendant blatantly copies HDI's distinctive trade dress and uses the FLIGHT RING Marks on its packaging, as shown below:

| HDI's Authentic FLIGHT RING Packaging | SmileMakers' Infringing Toys Packaging |
| --- | --- |



| HDI's Authentic FLIGHT RING Packaging | SmileMakers' Infringing Toys Packaging |
|---|---|
|  | |

37.     Side-by-side comparisons of HDI's authentic FLIGHT RING packaging and SmileMakers Infringing Toys (see Paragraph 35, above, and compare Exhibit C to Exhibit E), demonstrate that the packaging for SmileMakers' Infringing Toys copies nearly every distinctive element of HDI's FLIGHT RING packaging, including:

- the use of the FLIGHT RING and stylized FLIGHT RING marks;
- the distinctive package background;
- photographs of the FLIGHT RING toy in its various configurations;
- the phrases "Unfold me now!" "Snap flat and fly!"and "Magically Unfolds from 4 3/4″ to 10′″" appearing on the front of the package box.

38.     In light of the above, consumers are likely to be confused that Defendant's Infringing Toys are associated with HDI's legitimate FLIGHT RING toy, or that the Infringing Toys are authorized by Plaintiffs.

39.     Since consumers associate the Infringing Toys with Plaintiffs, Plaintiffs are likely to be harmed because the quality of the Infringing Toys is not of the high standards that HDI requires for its authentic FLIGHT RING toys.

40.     As a direct consequence of Defendant's unauthorized use of the FLIGHT RING trademarks and trade dress, HDI has been irreparably injured and the purchasing public has likely been deceived into believing that the Infringing Toys offered and sold by Defendant are authorized, endorsed, or approved by HDI.

41.     Furthermore, as a direct consequence of Defendant's unauthorized copying of the copyrighted FLIGHT RING sculpture, Hoberman and HDI, as licensee, have been and continue to be irreparably harmed.

42.     In particular, the price discrepancy between a legitimate HDI FLIGHT RING toy and SmileMakers' knockoff Infringing Toys significantly and irreparably harms Plaintiffs by, among other things, lowering the perceived value of HDI's legitimate product and by making it increasingly difficult for HDI to compete with SmileMakers' lower-priced knockoff.

43.     Defendant is violating Plaintiffs' exclusive rights in the copyrighted work, trademarks, and trade dress and seeking to trade on HDI's goodwill associated with the FLIGHT RING brand and design. If not stopped, Defendant's conduct will cause significant consumer confusion, blur the public's exclusive association of the FLIGHT RING mark and design with Plaintiffs, tarnish and erode the value of Plaintiffs' marks, and harm Plaintiffs' goodwill.

## COUNT I
### (Copyright Infringement)

44.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

45.     Hoberman's FLIGHT RING sculpture constitutes a copyrightable work protected under Title 17 of the United States Code.

11

46.     Charles Hoberman is the sole owner of all right, title and interest in and to the copyright in the sculpture, and HDI is an exclusive licensee of the rights to commercialize the copyrighted work in the toy and game field and gift fields.

47.     Charles Hoberman is the owner of United States Copyright Registration VA 1-024-051, registered by the United States Copyright Office with an effective date of May 31, 2000.

48.     By reproducing, displaying, distributing and/or making derivative works of the copyright work without Hoberman's permission, Defendant's actions constitute infringement of Hoberman's and HDI's exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

49.     Upon information and belief, Defendant's actions were, and continue to be, a knowing, intentional and deliberate violation of Plaintiffs' rights in the copyrighted work, and Defendant's infringement was and continues to be committed willfully within the meaning of 17 U.S.C. § 504.

50.     Plaintiffs have been damaged and will continue to be damaged by Defendant's acts unless Defendant is preliminarily and thereafter permanently enjoined by this Court.

51.     Plaintiffs have no adequate remedy at law.

52.     Defendant's actions have caused substantial damage to Plaintiffs in an amount to be determined.

53.     Defendant's actions have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT II
### (False Designation, Description, and Representation under Section 43(a) of The Lanham Act)

54.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

55.     For years, HDI has been, and is presently, engaged in the distribution, promotion, and sale of its FLIGHT RING toy throughout the United States.

56.     Continuously and long prior to Defendant's acts, HDI has been distributing, promoting, and selling in interstate commerce its FLIGHT RING toy using the distinctive FLIGHT RING word mark and stylized FLIGHT RING design mark

57.     The FLIGHT RING Marks are, or have become, distinctive and have become well and favorably known to distributors and end-users as identifying HDI as the sole and exclusive source of products sold under the FLIGHT RING Marks.

58.     Consumers have also come to recognize that the FLIGHT RING Marks symbolize high quality and have come to represent valuable goodwill which HDI owns.

59.     SmileMakers has distributed, sold and offered for sale Infringing Toys under the FLIGHT RING Marks.

60.     Defendant's actions have been willful and deliberately designed to misappropriate the distinctive FLIGHT RING Marks with the intention and for the purpose of trading upon Plaintiffs' goodwill.

61.     Defendant's use and misuse of the FLIGHT RING Marks is likely to cause confusion, mistake, or deception as to the source, affiliation, connection, association, sponsorship, or approval of the Defendant's products, in that the trade and consumers are likely to believe, or will believe, that the Defendant's Infringing Toys originate with or are associated with HDI or Hoberman.

62.     Defendant's actions constitute unfair competition, false designation of origin, and/or false description or representation in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

63.     Defendant's actions have caused and will cause irreparable injury to Plaintiffs, and unless said acts are restrained by this Court, they will be continued and Plaintiffs will continue to suffer irreparable damage.

64.     Plaintiffs have no adequate remedy at law.

65.     Defendant's actions have harmed Plaintiffs' reputation and goodwill and have caused substantial damage to Plaintiffs in an amount to be determined.

66.     Defendant's actions have unlawfully enriched and benefited Defendant in an amount to be determined.

## COUNT III
### (Trade Dress Infringement under Section 43(a) of the Lanham Act)

67.     Plaintiffs repeat and incorporate all prior allegations as if set forth fully herein.

68.     This is a claim for trade dress infringement arising under the Lanham Act, Section 43(a), 15 U.S.C. § 1125(a).

69.     For years, HDI has been, and is presently, engaged in the distribution, promotion, and sale of its FLIGHT RING toy throughout the United States.

70.     Continuously and long prior to Defendant's acts, HDI has been distributing, promoting, and selling in interstate commerce its FLIGHT RING toy using a distinctive trade dress. HDI's distinctive FLIGHT RING trade dress is depicted in the images shown above and includes, without limitation: (a) the color combinations used on the interlocking pieces of the FLIGHT RING toy, (b) the distinctive product packaging, and (c) the use of various phrases unique to HDI's FLIGHT RING packaging.

71.     The overall design and features of the trade dress for HDI's FLIGHT RING toy and product packaging are arbitrary and non-functional.

14

72.     As a result of HDI's established use and extensive promotion and sales, the FLIGHT RING trade dress has acquired distinctiveness and has become well and favorably known to distributors and end-users as identifying HDI as the sole and exclusive source thereof. Consumers have also come to recognize that the FLIGHT RING toy, in its distinctive trade dress, is of high quality and, as a result, the distinctive trade dress has come to represent valuable goodwill which HDI owns.

73.     HDI's FLIGHT RING toys are well known by their distinctive trade dress, which is recognized as an indicator of origin with HDI, and the trade and consumers have come to rely on this distinctive trade dress as an indication that they are receiving the products of HDI.

74.     The trade dress used on the Infringing Toys distributed, sold and offered for sale by the Defendant copies the shape, color, design and unique non-functional features of HDI's FLIGHT RING trade dress.

75.     The Infringing Toys have been deliberately designed to misappropriate HDI's distinctive FLIGHT RING trade dress with the intention and for the purpose of trading upon HDI's goodwill.

76.     Defendant's misuse of HDI's distinctive trade dress for the Infringing Toys has and is likely to cause confusion, mistake, or deception as to the source, sponsorship, or approval of the Defendant's products, in that the trade and consumers are likely to believe, or will believe, that the Defendant's Infringing Toys originate with or are associated with HDI.

77.     A nearly limitless number of other shapes, designs, and features could have been used on the Infringing Toys sold by the Defendant, rather than using a design which copies non-functional features directly from HDI's unique FLIGHT RING trade dress.

15

78.     By reason of the foregoing, Defendant has violated and is continuing to violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). HDI has no adequate remedy at law and is suffering irreparable harm.

## COUNT IV
### (Unfair and Deceptive Business Practices under
### Mass. Gen. Laws ch. 93A and the laws of other states)

79.     Plaintiff repeats and incorporates all prior allegations as if set forth fully herein.

80.     Defendant's acts set forth above constitute unfair and deceptive business practices and unfair competition in violation of Mass. Gen. L. ch. 93A, § 2 and in violation of the laws of states in which SmileMakers has marketed and sold its Infringing Toys, in that the actions have caused confusion in the minds of the consuming public, injured the Plaintiffs' goodwill, and unjustly enriched the Defendant at the expense of and to the detriment of the Plaintiffs.

81.     Defendant's acts are knowing and willful violations and are causing Plaintiffs irreparable injury.  Plaintiffs have no adequate remedy at law.

82.     Defendant's actions have caused and, unless enjoined by this court, will continue to cause great and irreparable injury to Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray:

1.    That the Court enter judgment that Defendant's actions have violated and, unless enjoined, will continue to violate the Plaintiffs' rights under the Copyright Act, 17 U.S.C. §§ 106 and 501.

2.    That the Court enter judgment that Defendant's actions have violated and, unless enjoined, will continue to violate the Plaintiffs' rights under Section 43 of the Lanham Act.

3.    That the Court preliminarily and permanently enjoin and restrain Defendant, its owners, directors, officers, agents, servants, employees, subsidiaries, affiliates, and all persons acting in concert or in participating with Defendant:

   a.    from using the FLIGHT RING Marks and the FLIGHT RING trade dress, or any other trademark, service mark, or source designation of any kind that is confusingly similar to or dilutive of HDI's marks or trade dress;

   b.    from otherwise competing unfairly with HDI or Hoberman in any manner;

   c.    from using, selling or offering for sale the Infringing Toys; and

   d.    from conspiring with, aiding, assisting or abetting any other person or business entity from engaging in or performing any of the activities referred to in subparagraphs (a)-(c) above.

4.    That the Court order Defendant, their owners, directors, officers, agents, servants, employees and all persons acting in concert or participating with Defendant to deliver up for destruction all infringing articles and materials in their possession or control that reflect the unauthorized use of HDI's FLIGHT RING Marks or trade dress.

5.    That the Court order Defendant to file with the Court and to serve on counsel for Plaintiffs, within thirty (30) days after the entry and service on Defendant of an injunction, a

report in writing and under oath setting for the in detail the manner and form in which Defendant has complied with the foregoing injunction provisions.

6.    That the Court order an accounting and render judgment against Defendant for an amount equal to treble all profits received from their unauthorized use of the HDI's trademarks and trade dress.

7.    That the Court enter judgment in favor of Plaintiffs for all damages sustained on account of Defendant's trademark and trade dress infringement and that such damages be trebled pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

8.    That the Court enter judgment in favor of Plaintiffs in an amount equal to, at Plaintiffs' election: (a) statutory damages for up to thirty thousand dollars ($30,000) for each infringement of the copyrighted work, enhanced up to one hundred and fifty thousand dollars ($150,000) per infringement on a finding that Defendant's activities were willful; or (b) the actual damages suffered by Plaintiffs on account of Defendant's copyright infringement, plus any profits of Defendant attributable to such infringement.

9.    That Plaintiffs be awarded their attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1117(a) and 17 U.S.C. § 505.

10.    For such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

**CHARLES HOBERMAN and
HOBERMAN DESIGNS, INC.**

By their attorneys,
BURNS & LEVINSON LLP

By:    _Mark Schfld_

Mark Schonfeld (BBO #446980)
Deborah J. Peckham (BBO #564865)
Sara Beccia (BBO #667277)
BURNS & LEVINSON LLP
125 Summer Street
Boston, MA  02110
Telephone:  (617) 345-3000
Facsimile:  (617) 345-3299

Dated:  April 13, 2012

01691147.DOCX\

19